

**FILED**
3/9/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

Kevin Smith

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Dr. Louis Shicker in his individual and official capacity
Dr. Saleh Obaisi in his individual and official capacity
Tarry Williams in his individual and official capacity
Arthur Funk in his individual and official capacity
Cynthia Garcia in her individual and official capacity
Marna Ross in her individual and official capacity
Shannis Stock in her individual and official capacity
Daniel Towne in her individual and official capacity
Dr. Hundley Davis in her individual and official capacity

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

**RECEIVED**

FEB 01 2016 EAG
2-1-16
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

16-cv-1877
Judge Sharon Johnson Coleman
Magistrate Judge Sidney I. Schenkier
PC11

Case No: _____
(To be  supplied  by  the  Clerk of this Court)

**CHECK ONE ONLY:**

✓      **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____      **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____      **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING."  FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.    **Plaintiff(s):**

    A.   Name: Kevin Smith

    B.   List all aliases: none

    C.   Prisoner identification number: N-95557

    D.   Place of present confinement: Stateville Correctional Ctr.

    E.   Address: 16830 S. Rt 53 Crest Hill, IL 60434

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.   **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank.  Space for two additional defendants is provided in **B** and **C**.)

    A.   Defendant: Dr. Louis Shicker

         Title: Agency Medical Director

         Place of Employment: James R. Thompson Center, 100 w. Randolph, St. Suite 4-200

    B.   Defendant: Dr Saleh Obaisi

         Title: Medical Director, Stateville, CC

         Place of Employment: Stateville C C

    C.   Defendant: Tarry Williams

         Title: Warden, Stateville CC

         Place of Employment: Stateville CC

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

II  Defendants: (continued)

D.    Defendant: Arthur Funk
      Title: Reginal Medical Director
      Place of Employment: Wexford Heath Sources
      Inc.

E.    Defendant: Cynthia Garcia
      Title: Director of Nursing, Stateville CC
      Place of Employment: Stateville CC

F.    Defendant: Marna Ross
      Title: OHS Reginal Nursing Coordinator
      Place of Employment: James R. Thompson Ctr. 100 w. Randolph
      ST., Suite 4-200

G.    Defendant: Shannis Stock
      Title: Chief of Programs and Support Services
      Place of Employment: James R. Thompson ctr. 100 W. Randolph
      ST., Suite 4-200

H.    Defendant: Daniel Towne
      Title: Agency Medical Coordinator
      Place of Employment: James R. Thompson Ctr. 100 w.
      Randolph ST., Suite 4-200

I.    Defendant: Hundley Davis
      Title: Medical Doctor, Stateville CC
      Place of Employment: Wexford Health
      Sources Inc.

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: _N/A_

B. Approximate date of filing lawsuit: _____

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _N/A_

D. List all defendants: _N/A_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _N/A_

F. Name of judge to whom case was assigned: _N/A_

G. Basic claim made: _N/A_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _N/A_

I. Approximate date of disposition: _N/A_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

IV.   **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Plaintiff Kevin Smith's Eight Amendment rights under the United States Constitution was violated because he was subjected to cruel and unsual punishment where the Defendants name in this Complaint acted deliberately indifferent to plaintiffs serious medical needs because they failed to take reasonable steps to provide the appropriate medical treatment.

(1.) On or around July, 2013, Plaintiff began experiencing numbness and excruciating pain on his entire right side of his body, from the crown of his head, face, jaw, neck, shoulder, ribs, hips, buttock, thigh and calf. Because of this excruciating pain on his entire right side, Plaintiff was rendered incapacitated, leaving him bed ridden for a number of days.

(2.) Plaintiff submitted numerous "sick-call" request seeking medical attention. Plaintiff eventually saw Dr. Davis at which time she specifically explained

4

in detail the ailment from which he suffered. Dr. Davis subsequently ran a series of test.

(3.) On and around August 1, 2013. Plaintiff made Defendant John/Jane Doe aware of his physical ailment, in particular, Plaintiff informed Defendant that he suffered excruciating pain on his entire right side, from the crown of his head, down to his calf. Plaintiff maintains that Defendant failed to take reasonable steps to properly treat him for his serious medical needs.

(4.) On January 14, 2014. Plaintiff filed a grievance wherein he complained that he was not receiving the appropriate medical treatment for his extremely painful, and debilitating ailment. (Exh#1)

(5.) Counselor L. Dennis forwarded Plaintiff's grievance to health care staff where Defendants John/Jane Doe reviewed the grievance. Defendant John/Jane Doe had personal knowledge of Plaintiffs serious medical needs as outlined in his January 14, 2014 grievance, but were deliberately indifferent because they failed to take reasonable steps to provide Plaintiff the appropriate medical treatment.

Revised 9/2007

(6.) Plaintiff was scheduled to see Medical Director on January 23, 2014. However, it took 3 months for Plaintiff to be seen by the Medical Director. Once Plaintiff finally saw the Medical Director he was referred to the collegial board. The collegial board then approved Plaintiff to be sent to u.i.c. Collegial approved Plaintiff for Neuro/MRI to be conducted on May 19, 2014. When May 19, 2014 arrived, Plaintiff, still suffering in excruciating pain, was denied medical treatment because of Defendant Obaisi's deliberate indifference where he failed to take reasonable steps to ensure Plaintiff went to U.I.C. for the Neuro/MRI.

(7.) On May 27, 2014, Plaintiff wrote a letter to Defendant, Agency Medical Director Louis Shicker further complaining of the constant pain and suffering he was experiencing(Exh#2). Plaintiff, specifically made Defendant Shicker aware that he was experiencing "constant pain and numbness feeling on the right half side of my body that has affected my muscle tissue(s) that is fastly deteriorating starting at the crown of my head, right and jaw bone area, right side of neck, throat and shoulder area, my complete spine and lower disc area..."(Exh#2 PG.2)

(6)

(8.) Plaintiff executed an affidavit in conjuction with the letter to Louis Shicker, which placed Defendant Shicker "on notice of my present medical condition that has not been diagnosed."(Exh. # 3) Defendant Shicker acted deliberately indifferent to Plaintiffs serious medical needs because Shicker failed to take reasonable steps to get Plaintiff to U.I.C. for the scheduled Neuro/MRI. The failure to take reasonable steps to provide Plaintiff an Neuro/MRI made an accurate diagnosis impossible, therefore, also making appropriate treatment impossible. Plaintiff specifically made Defendant Shicker aware that he had not been sent to U.I.C. for the scheduled Neuro/MRI.

(9.) On July 9, 2014, in response to Plaintiffs May 27, 2014 letter, Agency Medical Coordinator Daniel Towne wrote Plaintiff a letter acknowledging receipt of said letter. (Exh. # 4)

(10.) The following Defendants were forwarded a copy of Defendant Towne's July 9, 2014 letter, therefore, puting these Defendants on notice that Plaintiff was continuing to suffer and had yet to receive appropriate medical treatment or so much as a diagnosis of his serious medical needs:

(7)

(1.) Shannis Stock, Chief of Programs and support services.

(2.) Louis Shicker, Agency Medical Director.

(3.) Warden, Tarry Williams

(4.) Saleh Obaisi, Medical Director, Stateville C.C.

(5.) Cynthia Garcia, Director of Nursing, Stateville CC.

(6.) Marna Ross, OHS Regional Nursing Coordinator.

(7.) Arthur Funk, Regional Medical Director - Wexford Health Services.

(11.) Plaintiff maintains that despite these defendants being made aware of Plaintiff's serious medical need, not a single one of these defendants took reasonable steps to see that Plaintiff receive the appropriate medical treatment. The failure of these defendants in this regard constitutes deliberate indifference to Plaintiffs serious Medical needs.

(12.) In response to Plaintiff's January 14, 2014 grievance, (#M511) the grievance officer recommended that "no action be taken because "grievant appears to be receiving appropriate medical care at this time." (Exh.#5)

(8)

(13.) Despite Plaintiff having yet to receive a Neuro/MRI so that an accurate diagnosis and appropriate treatment could be made, in light of Plaintiff's debilitating, extremely painful ailment, Defendant Tarry Williams, The Chief Administrative Officer, concurred with the grievance officer's recommendation to deny grievance.

(14.) Having been made aware, and put on notice that for 5 months Plaintiff had yet to receive the already scheduled Neuro/MRI, Defendant Tarry Williams was deliberately indifferent to Plaintiff's serious medical needs because he failed to take reasonable steps to get Plaintiff the appropriate medical treatment.

(15.) On November 13, 2014, Plaintiff filed an emergency grievance to Defendant Tarry Williams complaining of the constant pain he was suffering daily and that his medical condition had worsened, and that he had yet to receive a Neuro/MRI. (Exh.6) Again, Defendant Williams was deliberately indifferent because he failed to take reasonable steps to get Plaintiff the appropriate

(9)

medical treatment. Defendant Williams, instead, rejected Plaintiffs plea for him to take action and concluded that Plaintiffs grievance was not an emergency. (Exh.#6)

(16.) On December 7, 2014, Plaintiff wrote a letter to the Administrative Review Board asking for a full investigation into Stateville Medical Staff and associated parties denial of Plaintiffs serious medical needs. (Exh.#7)

(17.) On December 7, 2014, Plaintiff filled out a "sick-call" request, again complaining of "constant pain and suffering." (Exh.#8) Defendant John/Jane Doe was deliberately indifferent to Plaintiffs serious medical needs because he/she ignored Plaintiffs "sick-call" request and therefore failed to take reasonable steps to provide Plaintiff the appropriate medical treatment.

(18.) After 1-year of suffering constant pain on his entire right side, from the crown of his head down to his calf, and being incapacitated to the degree that it affected Plaintiffs ability to walk and move without discomfort, an MRI was

(10)

finally done. However, Plaintiff did not receive a diagnosis from a neurologist. Plaintiff was subsequently prescribed 600mg of Ibuprophen, which did not relieve his pain and suffering.

(19.) On December 18, 2014, Plaintiff filled out another "sick-call" request complaining of "pain and suffering on the right side of my body. (Exh. #9) Plaintiff indicated that he wished to discuss the MRI findings and that there was not a complete MRI procedure or examination done on the right side of my body as I have complained about..." (Exh. #9)

(20.) On December 29, 2014, Plaintiff filled out another "sick-call" request informing PA. Williams that the Ibuprophen 600mg was ineffective for treating the pain he originally complained of and that the right side of his body was still in excruciating pain. (Exh. #10)

(21.) Out of all the "sick-call" request, Plaintiff was not provided effective medical treatment. On January 13, 2015, Plaintiff filled out another "sick-call" request informing the Health Care Staff

(11)

that he was not called for his MD/UC Health Care Pass and that he wished to be rescheduled. (Health Care Pass was for 1-5-15) (Exh. #11).

(22.) Plaintiff maintains that Defendants John/Jane Does were responsible for processing Plaintiffs "sick-call" slips. Plaintiff was never called to "sick-call" upon the request he submitted to Health Care. The failure of these Defendants to process these "sick-call" request amounts to deliberate indifference because they took no reasonable steps to treat Plaintiff for his serious medical needs.

(23.) On April 19, 2015, Plaintiff filed another emergency grievance because his medical condition has gotten or become more serious and severe. Plaintiff further complained that though Defendant Obaisi informed Plaintiff that he would be seeing a specialist, he never saw one. Plaintiff also informed Defendant Obaisi that the medication he prescribed, including Tylenol 3 with codine and Prednisone were ineffective.

(12)

(24.) Defendant Tarry Williams rejected Plaintiffs grievance on the grounds that his serious and extremely painful medical condition was not an emergency (Exh. #12).

(25.) On or about 4-3-15, Plaintiff, awoke and could not move. The pain running down the right side of his body was unbearable. Plaintiff was unable to walk because the slightest movement cause excruciating pain.

(26.) For approximately four days Plaintiff was confined to his cell floor completely incapacitated. For four days, Plaintiff attempted to get medical treatment to no avail. Plaintiff stopped every nurse that passed his cell and while lying on his cell floor in fetal position he implored Defendants John/Jane Doe to get him to the Health Care Unit for emergency treatment, but Defendants John/Jane Doe acted deliberately indifferent because they failed to take reasonable steps to get Plaintiff to the Health Care for emergency medical treatment.

(13)

(27.) Numerous prisoners in the immediate vecinity assisted Plaintiff with getting the attention of cell house staff by yelling for the "Med Tech" and the "Sergeant" and "Lieutenant", to no avail. Exh. #15,16

(28.) Sergeant Defendant John Doe eventually came to Plaintiffs cell. Plaintiff, while lying on his cell floor in excruciating pain, implored Defendant Sergeant John Doe to call the Health Care Unit to get him treated, to no avail. After about four days Plaintiff finally was taken to Health Care, where he was forced to walk.

(29.) On or about 4-8-15, Plaintiff saw Defendant Obaisi who then prescribed him medication. Plaintiff persistently informed Dr. Obaisi that the pain medication he was prescribing was ineffective in treating the pain. Defendant Obaisi acted deliberately indifferent where he persistently prescribed pain medication he knew to be ineffective.

(30.) Plaintiff maintains that Defendants Obaisi, Shicker, Stock, Garcia, Ross, Funk and Townes and at the root, Wexford Health Services were personally made aware of

(14)

Plaintiff's serious medical needs and all of these Defendants were deliberately indifferent because they denied Plaintiff access to Specialist medical practitioners, who are qualified to address his health problems.

(31.) To date, Plaintiff still has not seen or been treated by a specialist in neurology.

(32.) Plaintiff, in the course of speaking with Defendants was told he suffered from sciatic pain which occurs when ruptured disc material or bone spurs impinge on the sciatic nerve causing radiating pain in the patients lower extremity.

(33.) Because Stateville Correctional Center does not have MRI equipment, inmates requiring an MRI for diagnosis of back pain must be referred to an off site medical facility such as the University of Illinois - Chicago Medical Center.

(34.) Since 8-5-13, Plaintiff has made the Defendants aware, through numerous "sick-call" request, letters and grievances, of

(15)

his serious medical needs. It took these Defendants named in this Complaint over 1-year to send Plaintiff out to UIC for an M.R.I. Not only is Plaintiff suffering lower back pain, his entire right side, from the crown of his head to his calf is in excruciating pain.

(35.) Defendant Wexford Health Sources Inc. had at pertinent times hereto certain policies, procedures and practices in effect at Stateville Correctional Center - which were consciously and deliberately indifferent to the serious medical needs of inmates incarcerated here, including the Plaintiff; specifically policies, procedures and practices:

(A.) Not to refer inmates with serious medical needs to off-site specialist for evaluation and treatment;

(B.) To refuse to refer inmates with serious medical needs to off-site specialist for evaluation and treatment, when requested by inmate;

(C.) To ignore inmates serious medical needs, which might require off-site evaluation and treatment;

(16)

(D.) To ignore the orders and recommend of off-site specialist for treatment and evaluation of inmates serious medical needs;

(E.) Not to provide enough physicians and other medical personnel to evaluate and treat inmates serious medical needs at Stateville C.C.

(F.) To provide inadequate and ineffective medical care and treatment;

(G.) Not to document inmate complaints or clinical signs and symptons of illnesses and conditions which Wexford, by way of it's policies, procedures and practices, would not diagnose or treat;

(H.) Was otherwise deliberately indifferent to inmates, including Plaintiffs serious medical needs.

(36) As a direct and proximate result of one or more of the foregoing acts of deliberate indifference, such acts and conduct having been caused by Defendant Wexford's policies, procedures and practices, Plaintiff was caused to suffer undue pain and suffering, disability and

(17)

loss of normal life, Plaintiff was thereby deprived of rights, privileges and immunities guaranteed by the Eighth Amendment to the United States Constitution in that he suffered cruel and unusual punishment.

(37.) On 6-21-15, grievance officer Gill Parrish denied Plaintiff's grievance upon the false premise that he had been scheduled to be seen at UIC Ortho within the next week. However, Plaintiff did not go to UIC until 8-14-15, nearly two months later, which caused prolonged pain and suffering. To date, Plaintiff has yet to see a neurologist. (Exh.#13)

(38.) Finalization of Grievance dated: January 14, 2014 by the ARB. Exhibit #14

(18)

**V.    Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgement in his favor and against each Defendant compensatory damages in the amount of: 200,000

**VI.**    The plaintiff demands that the case be tried by a jury.  ☒ YES   ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this  27  day of  Jan.  , 20 16

Kevin Smith
(Signature of plaintiff or plaintiffs)

Kevin Smith
(Print name)

N95557
(I.D. Number)   STateville Correctional Center
P.O. Box 112, Rte-53
Joliet, Ill. 60434
(Address)

Subscribed and sworn to before me

This 27 Day Jan 2016

OFFICIAL SEAL
TYNEER BUTLER-WINTERS
Notary Public - State of Illinois
My Commission Expires 3/17/2019

Notary Public

6

Revised 9/2007

# Table of Exhibits

Exhibit #1.... January 14, 2014 grievance.

Exhibit #2.... Letter to Louis Shicker.

Exhibit #3.... Kevin Smith Affidavit

Exhibit #4.... Daniel Towne July 9, 2014 letter.

Exhibit #5.... Grievance Officer Recommendation

Exhibit #6.... November 13, 2014 Emergency grievance.

Exhibit #7.... December 7, 2014 letter to ARB.

Exhibit #8.... December 7, 2014 sick call slip.

Exhibit #9.... December 18, 2014 sick call slip.

Exhibit #10.... December 29, 2014 sick call slip.

Exhibit #11.... January 13, 2015 sick call slip.

Exhibit #12.... April 19, 2015 Emergency grievance

Exhibit #13.... June 21, 2015 Grievance Officers report.

Exhibit #14.... Finalization of Grievance dated: January 14, 2014 by the ARB.

Exhibit #15.... Affidavit from Elliott Robinson

Exhibit #16.... Affidavit from Daniel Scott

Exhibit # 1

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 1-14-2014 | Offender: (Please Print) Kevin Smith | ID#: N95557 |

| Present Facility: Stateville Corr. Center | Facility where grievance issue occurred: Stateville Corr. Center |

**NATURE OF GRIEVANCE:**

| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☐ Staff Conduct | ☐ Dietary | ☑ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☐ Other _____ |

☐ Disciplinary Report: ____/____/____
            Date of Report            Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Pursuant to 725 I.L.C.S. 5/103-12-(C) Persons in custody shall be treated humanely and provided with proper food, shelter and if required "medical treatment" On or before August 5, 2013: I have complained and requested for the appropriate type of action or "medical treatment" or diagnosis to be made or given of my present medical condition or status that I have clearly explained and/or defined for Dr. Hundley-Davis on several ——→

**Relief Requested:** To be sent out to the U of I to have an EMG and Nerve Condition Study, and MRI procedure done to determine my medical conditi...

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Kevin Smith | N95557 | 1/14/2014 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (If applicable)**

Date Received: 2/11/14    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: A copy of this grievance has been forwarded to the HCU, for review and response. The original has been forwarded to the grievance office. There is no need to send your copy to the grievance office or the health care unit. You will recieve a final response from the grievance office once the health care unit responds to same.

| L. Davis | J. Denning | 2/11/14 |
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: 2/3/14

Is this determined to be of an emergency nature?   ☐ Yes: expedite emergency grievance
     ☑ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Michael Magana | 2/3/14 |
| Chief Administrative Officer's Signature | Date |

---

Distribution: Master File; Offender        Page 1        DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

occasions or through the Institutional medical request forms.

I have a constant painful and numbness feeling on the right half side of my body that has affected my muscle tissues or mass that is now deteriorating.

Starting at the crown of my head, right face, ears, jaw bone area, right side of the neck, throat and shoulder area, my complete spine and lower disc area.

Just as of the upper, middle, lower right side of my back, rib cage, right hip and buttock area(s) - going all the way down my right thigh and calf. Also, my liver & kidney area.

Lastly, I received a follow-up M.D./U.C. health care pass for January 8, 2014 that was strangely canceled without explanation.

Kevin Smith

Dear Louis Shicker, MD                    5-27-2014
Agency Medical Director

I am writing you in concern of my present medical condition that has not yet been appropiately diagnosed.

I have complained and requested through the HCU at the Stateville Correctional Center for the appropriate type of action or medical treatment or diagnosis to be made or given of my present medical condition or status that I have clearly explained to Dr. Hundley-Davis and Medical Director: Dr. Obaisi on several occasions.

I have a constant pain and numbness feeling on the right half side of my body that has effected my muscle tissue(s) or mass that is fastly deteriorating

2

Starting at the crown of my head, right and jaw bone area, right side of neck, throat and shoulder area, my complete spine and lower disc area.

Just as of the upper, middle, lower right side of my back, rib cage, right hip and buttock area going all the way down my right thigh and calf.

I am also having constant pain in my stomach, abdomen, liver and kidney area.

I would ask of you to please investigate this matter, and allow this institution to send me out to the University of Illinois Medical Center to be correctly examined and a EMG and Nerve Condition Study, and MRI procedure be done to determine my medical condition

3

Until, may God bless us both with the light of understanding.

Kevin Smith

Kevin Smith
# N95557
Stateville C.C.
P.O. Box 112
Joliet, Illinois
60434

See attached Affidavit.

STATE OF ILLINOIS )
) SS
COUNTY OF Will )

## AFFIDAVIT

I, Kevin Smith being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

I am writing this Statement OF Fact to put you on Notice of my present medical condition that has not yet been diagnosed.

I have complained and requested through the HCU administration at the Stateville Correctional Center for the appropriate type of action or medical treatment or diagnosis to be made or given of my present medical condition or status that I have clearly explained to Dr. Hundley-Davis and Medical Director: Dr. Obaisi on several occasions.

I would ask of you Doctor Louis Shicker, Agency Medical Director to please investigate this matter, and allow this institution to send me out to

PAGE 2

the University OF Illinois Medical Center
to be correctly examined and a
EMG and Nerve Condition Study, and
MRI procedure be done to
determine my medical condition.

Kevin Smith N95557

AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 30th DAY May , 20 14

Karen Marie Rabideau

NOTARY PUBLIC



KAREN MARIE RABIDEAU
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
July 29, 2015

Exhibit #4



**Illinois
Department of
Corrections**

**Pat Quinn**
Governor

**S. A. Godinez**
Director

James R. Thompson Center
100 W. Randolph Street, Suite 4-200
Chicago, IL 60601

**Telephone: (312) 814-3017**
**TDD: (800) 526-0844**

Mr. Kevin Smith #N95557
Stateville Correctional Center
16830 S. Rt. 53
Crest Hill, IL 60403
July 9, 2014

Mr. Smith

This letter is in response to your letter to The Office of Health Services dated May 27th, 2014 in which you state that you are experiencing right sided weakness and numbness.

It has been relayed to our office that you are being clinically treated and followed by the health care staff at Stateville Correctional Center. Furthermore, it was brought to our attention that you have been approved for an MRI. You will be notified as to when this will occur shortly.

If your symptoms become worse, you can submit for "Sick Call." Otherwise, if you have any further dissatisfaction, you will need to register those complaints through the grievance process.

Daniel Towne, RN
Agency Medical Coordinator

CC:     Ms. Shannis Stock, Chief of Programs and Support Services
        Dr. Louis shicker, Agency Medical Director
        Warden Williams, Stateville Correctional Center
        Dr. Saleh Obaisi, Medical Director Stateville Correctional Center
        Ms. Cynthia Garcia, Director of Nursing, Stateville Correctional Center
        Ms. Marna Ross, OHS Regional Nursing Coordinator
        Dr. Arthur Funk, Regional Medical Director – Wexford Health Services

Exhibit #5

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

D739

| Grievance Officer's Report |
|---|

**Date Received: 2/18/14**

Date Reviewed: 9/4/14                    **Grievance# M511**

**Committed Person: Smith, Kevin**          **ID#N95557**

**Nature of Grievance:  Medical Treatment**

**Facts Reviewed: Per T Utke LPN after a REVIEW OF THE Medical RECORD**

I/M would like to be sent out for an MRI EMG and to be sent out.
After reviewing offenders medical records.
I/M has been seen multiple times in the past by several different doctors.

1/23/14 Seen by Dr. Davis and referred to medical director.
2/19/14 not seen due to no provider.
3/20/14 Lockdown.
4/22/14 Seen by Dr. Obaisi follow up in 2 weeks
5/7/14 seen by Dr. Obaisi referred to collegial to be sent out.

5/19/14 Collegial approved for Neuro/MRI dated pending.

*This Grievance Officer has no medical expertise or authority to contradict the doctor's/DON's/RN's recommendation / diagnosis.*

**Recommendation:**     **No action as grievant appears to be receiving appropriate medical care at this time.**

JILL PARRISH CC2
_____          _____
Print Grievance Officer's Name              Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

**Date Received:** 10/21/14      ☒ I concur    ☐ I do not concur    ☐ Remand

**Comments:**

_____                              _____
Chief Administrative Officer's Signature                      Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)**

Kevin Smith                    N95557        11-5-2014
_____      _____    _____
Committed Person's Signature              ID#                      Date

Exhibit # 6

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

D159

| Date: 11-13-2014 | Offender: (Please Print) Kevin Smith | | ID#: N95557 |
|---|---|---|---|
| Present Facility: Stateville C.C. | | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- ☑ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility

- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator

- ☑ Restoration of Good Time
- ☑ Medical Treatment

- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☐ Other (specify):

GRIEVANCE OFFICE

- ☐ Disciplinary Report: ____/____/____
  Date of Report        Facility where issued

NOV 20 2014

3872

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I am filing this Complaint against the Stateville Correctional Center Administration, Authorized HCU Staff, and the recent decision or choice of the Grievance Officer's report dated: 9-14-2014 (Grievance # M511) that was signed and Concurred by Current Warden Tarry Williams on: 10-22-2014 for delaying and not sending me out for my Collegial Approved Neuro/MRI procedure that has been pending ——→

Relief Requested: To be sent out to the U of I Hospital for the Approved Collegial Neuro/MRI procedure to be done to determine my Medical Condition and the appropriate type of ——→

☑ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Kevin Smith                              N95557    11 / 13 / 2014
Offender's Signature                              ID#              Date

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | | |
|---|---|---|
| Date Received: ____/____/____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

Inmate Issues

DEC 1 0 2014

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

| **EMERGENCY REVIEW** | | |
|---|---|---|
| Date Received: 11 / 21 / 14 | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☑ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Tarry Williams                                          11 / 21 / 14
Chief Administrative Officer's Signature                    Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

Since 5-19-2014.

I am in constant pain and suffering on a daily basis, and my condition is worstening and spreading to the left half side of my body.

Kevin Smith

RELIEF REQUESTED: Treatment that's needed thereafter for a Complete recovery.

Kevin Smith

Printed on Recycled Paper

DOC 0046 (8/2012)

Distribution: Master File; Offender

Dear ARB                          12-7-2014

I am forwarding you a copy of this emergency grievance for your review and ask that you investigate this matter.

I am being denied approved Medical Treatment. I am in constant pain and suffering, and will forward the original grievane to the grievance officer.

Lastly, I already have a grievance in your office pending on or about this matter and ask that you respond accordingly. Grievance # M511.

Until, thank you for your time and effort.

Kevin Smith

Kevin Smith
# N95557
P.O. BOX 112
Joliet, Illinois.
60434

**Inmate Issues**
DEC 1 0 2014

Exhibit #8

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## STATEVILLE CORRECTIONAL CENTER
**Offender Sick Call / Medical Services Request**

Date Written: 12-7-2014

Name: K. Smith          I/M Number: N95557          Housing Unit: D-739

**Select type of request:**
Medical: ✓     Dental: ____     Eye: ____     Mental Health: ____     Other (specify): _____

**Briefly state your request:** I am in constant Pain and Suffering on the right half side of my body - That's now spreading to the Left Half Side of my body. I have clearly explained this to Medical Director Obai'si, Authorized Health Care Unit Staff and this Stateville Correctional Center Administration. I am being denied Approved Medical Treatment or diagnosis to be made by this Administration.

*For official use only*          Kevin Smith N95557

| Date Received | Date Scheduled | $5.00 Co-pay |
|---|---|---|

| Print Staff Name | | Staff Signature |
|---|---|---|

Distribution: HCU          Printed on recycled paper          STA 0202 (Rev 4/2013)
File                                                           to be used with DOC 0296

Exhibit #9

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## STATEVILLE CORRECTIONAL CENTER
**Offender Sick Call / Medical Services Request**

Date Written: 12-18-2014

Name: K. Smith          I/M Number: N95557          Housing Unit: D-739

**Select type of request:**
Medical: ✓     Dental: ____     Eye: ____     Mental Health: ____     Other (specify): MRI Results.

**Briefly state your request:** I am still in constant Pain and suffering on the right half side of my body, and I would like to know and discuss the findings or results of my MRI with Dr. Obaisi. Lastly, there was not a complete MRI procedure or examination done on the right half side of my body as I have complained about - and they were not fully gunre.

Kevin Smith

*For official use only*

| Date Received | Date Scheduled | $5.00 Co-pay |
|---|---|---|
| Print Staff Name | | Staff Signature |

Distribution: HCU
       File

Printed on recycled paper

STA 0202 (Rev 4/2013)
to be used with DOC 0296

Exhibit #

ILLINOIS DEPARTMENT OF CORRECTIONS
**STATEVILLE CORRECTIONAL CENTER**
**Offender Sick Call / Medical Services Request**

Date Written: 12-29-2014

Name: K. Smith       I/M Number: N95557       Housing Unit: D-789

**Select type of request:**
Medical: ✓    Dental: ____    Eye: ____    Mental Health: ____    Other (specify): Re-order

**Briefly state your request:** To bring to the attention of Ms. Williams, L that the IBUPROFEN 600MG pain medication she ordered for me on: 12-5-2014 - 01-215-2015 is not working for the pain on the right half side of my body. My joints, Nerves and muscles are constantly inflamed. I need something stronger than IBUPROFEN.

Kevin Smith

*For official use only*

_____    _____    _____
Date Received                Date Scheduled               $5.00 Co-pay

_____    _____
Print Staff Name                                  Staff Signature

Distribution: HCU                Printed on recycled paper        STA 0202 (Rev 4/2013)
File                                                                      to be used with DOC 0296

Exhibit #11

ILLINOIS DEPARTMENT OF CORRECTIONS
## STATEVILLE CORRECTIONAL CENTER
### Offender Sick Call / Medical Services Request

Date Written: 1-13-2015

Name: K. Smith          I/M Number: N95557          Housing Unit: D-739

**Select type of request:**
Medical: ✓     Dental: ____     Eye: ____     Mental Health: ____     Other (specify): Reschedule.

**Briefly state your request:** I received a scheduled M.D./U.C. health care pass on: January 5, 2015 that was not followed through towards my health concerns. Please, reschedule my pass.

Kevin Smith
#N95557

*For official use only*

_____          _____          _____
Date Received                 Date Scheduled                 $5.00 Co-pay

_____          _____
Print Staff Name                 Staff Signature

Distribution: HCU          Printed on recycled paper          STA 0202 (Rev 4/2013)
          File                                                                   to be used with DOC 0296

Exhibit #11(a)

# STATEVILLE CORRECTIONAL CENTER
## Notification of Appointment to HCU

Name  **SMITH**          Number  **N95557**          Date: **1-05-15**

Cell  **D  0739**          Time to Report  **1:45 PM**          Assignment_____

---

__LAB          ____X-RAY          ___DIETITIAN          __SEIZURE CLINIC          __OTHER

**X** _U.C.          ___OPHTH          ___INF.ADMIT          ___ CLINIC

__P.T.          ___ORTHO          ___MD in U.C.          __HYPERTENSIVE CLINIC

_ _OPT          ___DENTAL          ___ASTHMA CLINIC          __INFEC. CONTROL

_ _SICK CALL  ___PHYSICALS          ___SURGERY CLINIC          __ ___MENTAL HEALTH

Special Instructions:     **M.D. / U.C.**

_____I accept this pass_____
Inmate Signature

_____I Refuse this Assignment_____
Inmate Signature

   **If you are on a psychotropic medication, this will be discontinued or tapered off  if you do not come to your next scheduled appointment.**

_____Reason for refusal_____

_____

_____Witness_____
CMT Signature

**If you fail to keep this appointment (NO SHOW) you will have to reschedule your own appointment through the CMT.**

_____NO SHOW

---

Attempts to deliver this pass made at the following times:

PMs_____  Reason not delivered_____
Midnights_____  Reason not delivered_____

_____R.N. Notified of inability to deliver pass
Signature of CMT_____ P.M._____ M.N._____ A.M.
Signature of R.N. _____ P.M._____ M.N._____ A.M.

---

Time inmate departed Assignment_____ Officer_____
Time inmate arrived at HCU _____ Officer_____
Time inmate departed HCU _____ Officer_____
Time inmate arrived Assignment_____ Officer_____

# OFFENDER'S GRIEVANCE

| Date: 4-19-2015 | Offender: (Please Print) Kevin X Smith | ID#: N95557 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

| | | |
|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ ADA Disability Accommodation |
| ☐ Staff Conduct | ☐ Dietary | ☑ Medical Treatment | ☐ HIPAA   request a schedule |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | ☑ Other (specify): date ASAP |

☐ Disciplinary Report: ___ / ___ / ___
       Date of Report      MAY 14 2015     Facility where issued

GRIEVANCE OFFICE

APR 30 2015

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

     **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     **Chief Administrative Officer,** only if EMERGENCY grievance.
     **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I am filing this grievance in light of my most recent visit to the Health Care Unit on 4-8-2015, and my on going present Medical Condition that Dr. Obaisi recognizes after his personal examination on the right half side of my body that my Medical Condition was gotten or become more serious and severe and that he would be calling and requesting with the University OF Illinois Hospital that my already approved scheduled date with them to see a Specialist

**Relief Requested:** To have Dr. Obaisi, Stateville Health Care Unit Administration and Wexford request a specific date with the U of I Hospital to send me out to correctly

☑ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Kevin X Smith     N95557    4, 19, 2015
Offender's Signature       ID#      Date

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) | | |
|---|---|---|
| Date Received: 5, 14, 15   ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 | |

**Response:** The original grievance has been given to the Grievance Office and a copy has been forwarded to the HealthCare Unit. You will receive a final response from the Grievance Office when the Health Care Unit responds to same.

David Mansfield CC2      David Mansfield CC2   5, 14, 15
Print Counselor's Name     Counselor's Signature    Date of Response

---

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: 5, 4, 15 | Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance   ☑ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Tarry Williams            5, 3, 15
Chief Administrative Officer's Signature       Date

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE (Continued)

from the MRI Procedure and findings of this specific Medical finding or problem be updated with a certain or specific date to correctly address my Medical Concerns or issue As Soon As Possible.

After, this examination. I was prescribed by Dr. Obaisi 80 mg. of Prednisone Medication, and given a weekly in.

Lastly, I have been already prescribed by Dr. Obaisi Tylenol 3 medication with Codine to treat this medical condition for pain — and it is not working. This specific medication is discomforting to my body, or is causing me pain around my liver and Kidney area

Kevin Smith

Relief Requested: address my already approved Medical Concerns of this issue ASAP!

DOC 0046 (8/2012)

Distribution: Master File; Offender                Printed on Recycled Paper

Exhibit #13

D H39

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: 5/14/15          Date of Review: 6/21/15          Grievance # H415

Committed Person: Smith          ID#: N95557

Nature of Grievance: Medical Treatment

Grievance Officer finds that per T Utke LPN, and UPON REVIEW OF MEDICAL RECORDS.

Facts Reviewed:   Complains of not receiving appropriate medical treatment.   have

After reviewing offenders medical record he was seen by Dr. Obaisi on 5/27/15. He does has a date with the next week to be seen at UIC Ortho.

All proper policies and procedures have been followed at this time. If offender has any more issues he should follow up in nurse sick call.

*This Grievance Officer has no medical expertise or authority to contradict the doctor's/DON's/RN's recommendation / diagnosis.*

Recommendation:     **No action as grievant appears to be receiving appropriate medical care at this time.**

JILL PARRISH CC2
_____          _____
Print Grievance Officer's Name          Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 6/21/15          ☑ I concur          ☐ I do not concur          ☐ Remand

Comments:

_____ UX 6/22/15
Chief Administrative Officer's Signature          Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Kevin X Smith          N95557          6-29-15
_____          _____          _____
Committed Person's Signature          ID#          Date

Exhibit #14



# Illinois
## Department of
# Corrections

**BRUCE RAUNER**
Governor

**GLADYSE C. TAYLOR**
Acting Director

**1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844**

Offender Name: _Smith, Kevin_    Date: _6-29-15_

Register #: _N95557_

Facility: _Stateville_

This is in response to your grievance received on _11-13-14_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** _1-14-14_ **Grievance Number:** _M511_ **Griev Loc:** _STA_

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ○ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____ Incident # _____
- ⊗ Other _Medical (pain/numbness on Right side)_

**Based on a review of all available information, this office has determined your grievance to be:**

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____
- ○ Denied, in accordance with DR504F, this is an administrative decision.
- ⊗ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- ○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.
- ○ In addition, property items are to be disposed of in accordance with DR501C.

- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.
- ○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

○ Other: _Offender referred for testing_

FOR THE BOARD: _Anders_    CONCURRED: _Gladyse C Taylor_
Terri Anderson    Gladyse C. Taylor
Administrative Review Board    Acting Director

CC: Warden, _STA_ Correctional Center
_Smith_, Register No _N95557_

## Affidavit

I, Elliott Robinson, being competent to make this declaration having personal knowledge of the matters stated therein declare pursuant to the 28 USC Section 1746:

1.) On 4-3-15, I was assigned to cell 737 in Delta House. I heard inmate Kevin Smith, who was assigned to cell 739, calling for medical attention. He stated that he was in great pain and could not move. I assisted in calling for help but no staff came. When I exited the cell, I checked on Kevin Smith and observed him laying on the floor stiff and in pain. I alerted the staff and attempted to get help but they didn't send Mr. Smith to the hospital.

2.) For the next few days I along with other inmates called for help so that a nurse/doctor would see Kevin Smith. I even helped him walk down and back up the stairs at chow time because his body wasn't able to do it alone.

Pursuant to 28 USC 1746 I declare under penalty of perjury that the above declaration is true and correct. Executed on 10-31-15

/s/    _Elliott Robinson_
Elliott Robinson

Exhibit #16                                                                    1 of 2

Declaration Under Penalty of Perjury of Daniel Scott

Daniel Scott, being competent to make this declaration and having personal knowledge of the matters stated therein, declare pursuant to 28 U.S.C § 1746

1.) On or about 4-3-15   I was housed in Delta House on 7 gallery, cell 37 at the Stateville Correctional Center.

2.) Kevin Smith was assigned to cell 739. For approximately four straight days I person-ally assisted him with getting the attention of the cell house sergeant and Lieutenant, so that they could call the Health Care Unit for the purpose of getting him over to the Health Care Unit for treatment.

3.) Four approximately four days I went to Kevin's assigned cell and saw him sprawled accross his cell floor moaning. I asked him what was wrong and he said that he couldnt move be cause he felt pain shooting from the top of his head down his back, all the way to his calf.

Exhibit #16                                                    2 of 2

4.) Out of concern, I persistently spoke to the cell-house sergeant to get Kevin the appropriate medical attention to no avail.

5.) I personally witnessed the cell house sergeant got to Kevins cell. around two times and leave without getting Kevin medical attention.

6.) I personally helped Kevin smith up and down three flights of stairs and down the sidewalk when he was so hungry he needed to walk to chow. I saw the pain he was in just making simple movements.

7.) I personally witnessed Kevin unable to move while lying on the cell floor pleading for medical staff to get him to the health care unit to no avail.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct. Executed on October 23, 2015

*Daniel Scott*

Daniel Scott