UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cv-1877 |
| ) | |
| DR. LOUIS SCHICKER, DR. SALEH OBAISI ) | Judge Sharon Johnson Coleman |
| TARRY WILLIAMS, ARTHUR FUNK, CYNTHIA ) | |
| GARCIA, MORNA ROSS, SHANNIS STOCK, ) | |
| DANIEL TOWNE, DR. HUNDLEY DAVIS, ) | |
| each individually and in his or her official capacity ) | |
| ) | |
| Defendants. ) | |
| ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Smith submitted a complaint *in forma pauperis* ("IFP") to this Court while in custody at Stateville Correctional Center, alleging that certain health care professionals and administrators employed by the Illinois Department of Corrections, Stateville Correctional Center, or Wexford Health Services were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Smith's complaint survived initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and he was appointed counsel. Defendant Dr. Arthur Funk, Regional Medical Director for Wexford Health Services, now moves to dismiss the claim against him. The Court denies the motion.

**Background**

The factual allegations in the complaint are as follows. Beginning in July 2013, Smith began experiencing numbness and "excruciating pain" across the entire right side of his body. (Dkt. 6 ¶ 1[1].) From August 2013 through January 2014, Smith was seen by some health care providers, but he was not provided with any treatment that alleviated his pain or diagnosed the cause of it. (*Id.* ¶¶ 2-5.) He was approved for an MRI and neurological consultation on May 19, 2014, but at that time no one

---
[1] The paragraph numbers refer to the paragraphs in Part IV of the complaint form, Statement of Claim, which begins on page 5 of the document.

arranged for him to obtain the approved diagnostic treatment. (*Id.* ¶ 6.) A week later, Smith wrote a letter to the Agency Medical Director complaining about his constant and severe pain and the lack of effective treatment. (*Id.* ¶ 7.) In July, Smith received a response to that letter from the Agency Medical Coordinator. (*Id.* ¶ 9.) The letter stated that the health care staff at Stateville had reported Smith had been approved for an MRI and was being treated, and instructed Smith to either submit for "sick call" or file a grievance if his situation worsened or he was dissatisfied with his treatment. (Ex. 4, Dkt. 6 at 29.) Dr. Funk was one of seven individuals copied on the letter. (*Id.*) Smith did not receive an MRI until several months later and was never seen by a neurologist. (Dkt. 6 ¶¶ 6, 18, 31.) He was prescribed medication for his pain, but the prescriptions were ineffective. (*Id.* ¶¶ 18, 20, 23.)

**Legal Standard**

A complaint will survive a motion to dismiss under Rule 12(b)(6) if its well-pleaded facts and all reasonable inferences derived therefrom, accepted as true and viewed in the light most favorable to the plaintiff, state a plausible claim for which relief can be granted. *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**Discussion**

To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege that (1) he has "an objectively serious medical condition" and (2) "the defendant subjectively acted with a sufficiently culpable state of mind in failing to provide adequate care or treatment for that condition." *Dixon v. Cty. of Cook*, 819 F.3d 343, 349 (7th Cir. 2016)(internal quotations omitted). To allege the defendant acted with a "sufficiently culpable state of mind," the plaintiff must plead facts "from which something more than negligence or even medical malpractice can be inferred." *Id.* at

350. The alleged facts must permit the inference that the defendant was either reckless or intentional in failing to provide adequate care. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

Dr. Funk contends that the facts alleged in the complaint do not permit the inference that he was personally involved in or had personal knowledge about the care Smith was receiving. Under the federal pleading standard, knowledge and intent "need not be covered in detail" and "may be pleaded generally (which is to say, in a conclusory fashion)". *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Furthermore, responsibility for inadequate medical care can be inferred from the defendant's title and position within in the prison's healthcare system. *Myrick v. Anglin*, 496 F. App'x 670, 675 (7th Cir. 2012). Here, Dr. Funk's position as Regional Medical Director, Smith's general allegation that Funk was made aware of his medical needs and was deliberately indifferent to them, and the letter suggesting Funk was part of the team of health care professionals responsible for Smith's care, when considered together, provide a sufficient factual basis for the inference that Dr. Funk bore some personal responsibility for the alleged inadequate care.

Dr. Funk also challenges the claim against him in his official capacity because the complaint does not allege that Dr. Funk created the Wexford policies of which Smith complains, does not allege Dr. Funk had final policy-making authority, and not ask for declaratory or injunctive relief. Dr. Funk misconstrues several aspects of entity liability under §1983; none of these supposed deficiencies is fatal to an official capacity claim. An official capacity suit is another way of pleading an action against an entity of which the officer is an agent. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). A private entity is liable under §1983—pursuant to the same standard established for municipal liability in *Monell v. Department of Social Services,* 436 U.S. 658 (1978)—if execution of the entity's policy or custom caused the constitutional violation. *Hahn v. Walsh*, 762 F.3d 617, 638-39 (7th Cir. 2014). The policy or custom can exist in one of three forms: (1) an express policy; (2) "a wide-spread practice … so permanent and well-settled as to constitute a custom or usage with the

3

force of law"; or (3) the actions of an individual with "final decision policymaking authority." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). *Monell* liability permits the recovery of monetary damages, *Donovan v. City of Milwaukee*, 17 F.3d 944, 954 (7th Cir. 1994), and where the official sued is not of the *state*, the Eleventh Amendment does not apply, *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001).

Here, because Dr. Funk is an agent of Wexford, a claim against him in his official capacity is equivalent to a claim against Wexford. The claim is not against the state, so the Eleventh Amendment does not apply. Smith in his complaint identifies concrete policies of Wexford which he alleges caused his constitutional deprivation. This is enough for an official capacity claim. Contrary to Dr. Funk's assertions, the official capacity claim is not redundant because the complaint does not name Wexford as a defendant, either in the caption, or in the list of defendants in Part II of the complaint form.

Finally, Dr. Funk contends that the complaint fails to state a claim for deliberate indifference because Smith is solely complaining that he did not receive a consultation with a neurologist, and failure to receive the treatment of his choice does not amount to a constitutional violation. Even where a doctor has not completely ignored a plaintiff's medical condition and has provided some treatment, a significant and unreasonable delay in providing *effective* treatment can still support a claim of deliberate indifference. *Berry*, 604 F.3d at 441. Here the complaint alleges that the defendants delayed in providing Smith effective medical treatment throughout the course of two and a half years and that Smith continues to suffer from severe pain, the cause of which has not yet been identified. The defendants might ultimately prevail in showing that the treatment provided was wholly appropriate even though it was not successful in alleviating Smith's pain, but such a determination cannot be made at this stage in the proceedings.

4

Because Smith has stated a claim against Dr. Funk in his individual and official capacities for deliberate indifference to a serious medical need, Dr. Funk's motion [18] is denied.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: August 25, 2016